IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

**17-30843**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**Versus**

**JEFFERY D. PERRY,**

**Defendant-Appellant.**

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

**BRIEF FOR THE DEFENDANT-APPELLANT JEFFERY D. PERRY**

JOHN HARVEY CRAFT
1523 Polymnia Street
New Orleans, Louisiana   70130
Telephone:   (504) 920-1223
Bar Roll No. 4540

MARCH 2018

## CERTIFICATE OF INTERESTED PERSONS

In compliance with Fifth Circuit Local Rule 28.2.1, counsel for the defendant-appellant certifies that he knows of no persons, associations of persons, firms, partnerships, or corporations which have an interest in the outcome of this particular case, other than the parties named in the style of this case docketed in this court under number **17-30843**.

JOHN HARVEY CRAFT
Attorney at Law
Louisiana Bar #4540
1523 Polymnia Street
New Orleans, Louisiana 70130
504 920-1223 Fax 504 524-0776
jhcraft@bellsouth.net

## REQUEST FOR ORAL ARGUMENT

The issue before the Court in this case has not been resolved in a reported decision.   Oral argument would be helpful and is requested.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ...................................................... ii

REQUEST FOR ORAL ARGUMENT ................................................................. iii

TABLE OF AUTHORITIES ................................................................................ v

STATEMENT OF JURISDICTION ...................................................................... vi

STATEMENT OF ISSUE ..................................................................................... vii

STATEMENT OF THE CASE ............................................................................... 1

    (i)   Course of the Proceedings and Dispositionin the Court Below .............. 1

    (ii) Statement of Facts ...................................................................................... 3

SUMMARY OF THE ARGUMENT ...................................................................... 4

ARGUMENT ......................................................................................................... 5

    STANDARD OF REVIEW ............................................................................. 5

CONCLUSION ...................................................................................................... 10

CERTIFICATE OF SERVICE .............................................................................. 11

CERTIFICATE OF COMPLIANCE...................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*United States v. Flores-Guzman*, 121 Fed. Appx. 557 (5th Cir. 2005) . . . . . . . . . 11

*United States v. Garcia,* 638 F. App'x 343 (5th Cir. 2017) . . . . . . . . . . . . . . . . . 7

*United States* v. *Mahanera*, 611 F. App'x 201 (5th Cir. 2015)................................7

*United States v. Pruden*, 398 F.3d 241 (3d Cir. 2005) 17) . . . . . . . . . . . . . . . . . . 11

*United States v. Salazar*, 743 F.3d 445 (5th Cir. 2014)............................................7

## <u>STATUTES</u>

Title 28, United States Code, Section 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . vi

Title 28, United States Code, Section 1294 . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . .vi

## <u>OTHER AUTHORITIES</u>

Fifth Circuit Local Rule 28.2.1 .................................................................................iv

## **STATEMENT OF JURISDICTION**

This Honorable Court has jurisdiction over this matter pursuant to Title 28, United States Code, Section 1291 and Title 28, United States Code, Section 1294.

## STATEMENT OF ISSUE

Whether the sentencing court committed plain error in imposing a special condition of supervised release that requires Mr. Perry to participate in a mental health program and to pay the costs of that program even though the Presentence Report concludes that Mr. Perry has no mental health issues.

## STATEMENT OF THE CASE

### (i)   Course of the Proceedings and Disposition in the Court Below.[1]

On May 2, 2013, the Grand Jury for the Middle District of Louisiana returned an indictment, charging Jeffery D. Perry, the appellant in this case, and five co-defendants in thirteen counts alleging a drug distribution conspiracy involved cocaine and cocaine base as well as firearm charges relating to the drug offenses.[2]   As Mr. Perry was in state custody, a writ of *habeas corpus ad prosequendum* was sought by the Government.[3]   On May 23, 2013, arraignment and a detention hearing were held with regard to Mr. Perry who was ordered detained and entered a plea of not guilty to the indictment.[4]

The Grand Jury returned a superseding indictment on June 27, 2013.[5]   In that indictment, Mr. Perry and now seven co-defendants were charged with a total

---

[1]References to the Record on Appeal of this matter are designated as (ROA

.).

[2] ROA 37.
[3] ROA 72.
[4] ROA 83.
[5] ROA 95.

1

of nineteen counts.    A second superseding indictment was returned on July 11, 2013, charging the same eight defendants.6    Mr. Perry entered a plea of not guilty on July 12, 2013.7    On July 30, 2013, the district court granted a defense motion to have the case declared complex.8

Numerous pre-trial motions were filed and litigated by all parties prior to trial.    Jury trial commenced on September 8, 2014.9    On September 15, 2014, the original trial judge had to withdraw from the case due to illness and a new judge took over.10    At the conclusion of the Government's evidence, the defendants moved for a Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.    The court denied that motion.11

On September 23, 2014, the jury returned a verdict as to Mr. Perry, finding him guilty of thirteen counts and not guilty of two counts.12

A presentence investigation was ordered.13    A Motion for Judgment of Acquittal and In the Alternative for a New Trial was filed on behalf of Mr. Perry.14    The district court denied that motion on January 8, 2015.15

--------------------------

6 ROA 129.
7 ROA 151.
8 ROA 158.
9 ROA 564.
10 ROA 568.
11 ROA 649.
12 ROA 671.
13 ROA 746

2

On March 23, 2015, notice of disclosure of the presentence report was filed.16   On August 16, 2015, sentencing was held with regard to Mr. Perry.17 On September 22, 2015, Notice of Appeal was filed.18

The case was briefed to the United States Court of Appeals for the Fifth Circuit.   A decision was issued on March 10, 2017, *United States v. Chapman, et al,* 851 F.3d 363 (Fifth Circuit, 2017).   None of the appellants were granted relief, The Government, however, cross-appealed on the issue of the district court's reliance on the rule of lenity to decline to impose a twenty-five year consecutive sentence on top of the life sentence imposed on Mr. Perry.   This Court ruled in the Government's favor in that cross-appeal and the case was remanded to the district court for resentencing on that count.19   On October 5, 2017, Jeffrey D. Perry was resentenced by the district court.   The court imposed the consecutive 25 year sentence.20

On October 18, 2017, Notice of Appeal was filed in Mr. Perry's behalf.21

---

14 ROA 697.
15 ROA 738.
16 ROA 755.
17 ROA 862.
18 ROA 873.
19 ROA 1058.
20 ROA 1105.
21 ROA 1103.

## (ii) <u>Statement of Facts</u>

This case is on review following remand for re-sentencing after the Government prevailed in a cross-appeal on the issue of imposition of a mandatory twenty-five year consecutive sentence for a second count of use of a firearm during a drug trafficking offense.  On remand, the district court imposed the additional consecutive sentence which is to be served consecutively to the life sentence imposed on the original judgment.  In the decision which resulted in remand for resentencing, this Honorable Court made the following statement of facts:

This case centers on a cocaine and crack dealing organization operated by Defendant Jeffery Perry and based in Baton Rouge, Louisiana. Perry's organization consisted of many operatives, including Defendants Jermaine Chapman (aka "Dump Truck") and Charles Boyer (aka "Slim"), who assisted Perry by purchasing drug-making supplies, weighing and bagging the drugs, retrieving drugs from storage locations, interacting with customers who were buying drugs, and disposing of kilogram wrappers. Over the years, Perry used various houses, referred to as "click houses," in South Baton Rouge, which were largely owned by his family, as distribution centers and headquarters for the organization. Chapman and Boyer at various times resided in the click houses, along with other operatives in Perry's organization. Perry regularly used the kitchens of the click houses to cook crack.

4

Customers who came to the click houses to purchase drugs sometimes used a gun as payment, and Perry stored some of the bartered guns in at least one of the click houses, 221 Evergreen Street. Perry had secret compartments for storing drugs installed over a doorway and under the kitchen sink of the Evergreen Street click house. Chapman knew about and used the secret compartments.

Perry and his associates had several encounters with the Baton Rouge Police Department (BRPD) and Drug Enforcement Administration (DEA) over the years, including selling drugs to DEA confidential informants. BRPD also conducted periodic surveillance and executed multiple search warrants at the click houses, in sum seizing crack, cocaine, drug paraphernalia, large quantities of cash, and guns. In addition to selling drugs, Perry and his operatives also engaged in robbery, carjacking, and unlawful possession of guns. In September 2011, after a multi-year investigation by the DEA and the BRPD, Perry and Chapman were arrested while driving from Houston to Baton Rouge in two separate vehicles with two kilograms of cocaine in Chapman's vehicle. Boyer was later arrested in California and extradited to Louisiana for trial.

## SUMMARY OF THE ARGUMENT

The district court abused its discretion and committed reversible plain error by imposing a special condition of supervised release that requires Mr. Perry to participate in a mental health treatment program and to pay the costs of that program

There was error that was plain because the district court did not explain how this special condition was reasonably related to the applicable statutory factors, as required by this Court's decision in *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014).

The error affected Mr. Perry's substantial rights because the record contains *no* evidence that he has ever suffered from any psychiatric or psychological problems that might be addressed in mental health program.

Finally, this Court should exercise its discretion to correct the error given the degree of the error and the particular facts of this case. Accordingly, this Court should vacate the mental health special condition of supervised release in this case and remand for further proceedings with respect thereto.

# **ARGUMENT**

The district court abused its discretion and committed reversible plain error by imposing mental health special condition of supervised release on Mr. Perry.

## **Standard of review.**

"This [C]ourt reviews properly preserved objections to the imposition of conditions of supervised release for an abuse of discretion." *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014) (citations omitted). However, "[b]ecause [Mr. Perry] did not object to the imposition of the special conditions, [this Court]review[s] them for plain error." *United States v, Garcia,* 638 F. App'x 343 (5th Cir. 2017). An appellant, such as Mr. Perry, can obtain relief under plain error review only if: (1) there was an error; (2) that error was "clear or obvious, rather than subject to reasonable dispute"; (3) the error affected the appellant's substantial rights, and (4) the Court of Appeals chooses to exercise its discretion to correct the error because "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citations omitted).

**The district court plainly erred in imposing the mental health treatment program special condition of supervised release on Mr. Perry.**

This Court's recent decision in *Garcia* – in which the Court vacated, on plain-error review, two special conditions of supervised release – provides a template for deciding Mr. Perry's claim. Although *Garcia* is unpublished, as is its most relevant precedent, United States v. *Mahanera*, 611 F. App'x 201, 205 (5th Cir. 2015)*,* it represents a faithful application of the relevant statutory scheme and the published precedents of this Court, and is highly persuasive in the resolution of the instant, highly analogous case.

**1. There was error, and it was plain.**

A district court's ability to impose special conditions of supervised release is broad, but it is limited by statute. First, the conditions must be "reasonably related to" (i) the "nature and circumstances of the offense, and the history and characteristics of the defendant," (ii) the "need for the sentence imposed to afford adequate deterrence to criminal conduct," (iii) the "need for the sentence imposed to protect the public from further crimes of the defendant," or (iv) the "need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Second, the conditions must "involve[ ] no greater deprivation of liberty than is

reasonably necessary for the purposes" of factors (ii) through (iv) (i.e., deterrence, protection of the public, and rehabilitation). Third, the conditions must be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Mahanera,* 2015 WL 3452894, at *2 (internal citations omitted).

Noting that "[it] ha[d] held that a district court 'abused its discretion by not explaining how [a special condition] was reasonably related to the statutory factors,"id. (citing *Salazar*, 743 F.3d at 451; third set of brackets and insertion in original; footnote omitted), this Court in *Mahanera* held that "the district court [there] similarly abused its discretion by imposing Special Conditions Nos. 4 and 5 without explaining how they reasonably relate[d] to the statutory factors." *Mahanera,* 2015 WL 3458294, at *2. The Court further held that "[t]his error [was] clear and obvious, given [the Court's] (albeit recent) explicit holding on this point" in Salazar. Id. (citing *Salazar,* 743 F.3d at 451).

Here, as in *Mahanera* and *Garcia*, the district court did not explain how the condition was reasonably related to the statutory factors governing the imposition of supervised release conditions. And, as in *Mahanera* and *Garcia*, this was error that was clear or obvious under *Salazar.*

**2. The error affected Mr. Perry's substantial rights.**

In *Mahanera,* this Court concluded that the inclusion of the challenged supervised-release conditions affected the defendant's substantial rights "because no evidence in the record support[ed] the imposition of the challenged special conditions" – i.e., "the record reveal[ed] no evidence that Mahanera has or had a drug or alcohol problem, and his offense did not involve drug or alcohol use." *Mahanera*, 2015 WL 3452894, at *2. For this reason, the challenged special conditions did not reasonably relate to any of the statutory factors governing the imposition of supervised-release conditions. See id. "Thus," said the Court, "the imposition of Special Conditions Nos. 4 and 5 affected Mahanera's substantial rights by affecting the outcome of the district court proceedings by allowing the judgment to contain unwarranted special conditions." Id. at *3 (citation with appended footnote omitted).   The same is true here.

With respect to the mental health treatment, there is absolutely no evidence that Mr. Perry suffers from any psychological or psychiatric issues needing mental-health treatment of any sort. To the contrary, the PSR – which the district court adopted  – specifically noted that "[t]he defendant has no history of mental or

emotional problems, and no history of treatment for such problems."[22] "Given the complete absence of facts that would indicate a need for this mental health treatment, [this Court] cannot find that this condition is 'reasonably related' to any of the allowable purposes of conditions on supervised release." *United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005); see also id. at 248-50 (striking, on plain error review, special condition of supervised release requiring defendant to participate in a mental-health treatment program). Especially given the potentially intrusive nature of any sort of mental health treatment, the imposition of that special condition affected Mr. Perry's substantial rights.

**3. The error seriously affected the fairness, integrity, or public reputation of judicial proceedings and should be corrected by this Court.**

The condition of mental health treatment, however it may be defined or imposed, would be a serious abridgment of personal autonomy and a serious invasion of privacy.  It is intolerable that sort of intrusion should be foisted upon Mr. Perry where there is no evidence that the condition is necessary or complies with the statutory factors. Cf. *United States v. Flores-Guzman*, 121 Fed. Appx. 557, 558 (5th Cir. 2005) (unpublished).   Moreover, because he is required to pay (to the

---

[22]ROA 153.

11

extent that he is able) for these services, the condition is an unnecessary financial burden on Mr. Perry. Finally, "imposition of a condition of supervised release creates significant costs for the probation system, and can result in sanctions on the defendant for violation of the condition." *Pruden*, 398 F.3d at 250 (footnote omitted).

Accordingly, this Court should vacate the mental health treatment condition of supervised release and remand for the district court to reconsider whether to impose that condition in light of any facts not already contained in the record.

## CONCLUSION

For the foregoing reasons, this Court should vacate the mental health treatment special condition of supervised release in this case and remand for further proceedings with respect thereto.

Respectfully submitted this 13th day of March, 2018.

JOHN HARVEY CRAFT
Attorney at Law
Louisiana Bar #4540
1523 Polymnia Street
New Orleans, Louisiana 70130
504 920-1223 Fax 504 524-0776
jhcraft@bellsouth.net

## CERTIFICATE OF SERVICE

All parties to this case, including counsel for the Government, have been served electronically through the ecf system, this 13th day of March, 2018.

JOHN HARVEY CRAFT
Attorney at Law
Louisiana Bar #4540
1523 Polymnia Street
New Orleans, Louisiana 7013
504 920-1223 Fax 504 524-0
jhcraft@bellsouth.net

# CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. Rules 32.2.7©, the undersigned certifies this brief complies with the type-volume limitations of Fed.R.App.P. 32(a)(7).

EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5TH CIR. RULE 32.2, THE BRIEF CONTAINS (select one):

A.    2837   words, OR
B.    _____ lines of text in monospaced typeface.
2.    THE BRIEF HAS BEEN PREPARED (select one):
A.    in proportionally spaced typeface using:
Software Name and Version:    Word Perfect x3_____
in (Typeface Name and Font Size):    Times New Roman 14____, OR
B.    in monospaced (nonproportionally spaced) typeface using:
Typeface name and number of characters per inch:_____

3.    THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN Fed.R.App.P.    32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

*/s/ John Harvey Craft*

JOHN HARVEY CRAFT