# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30843
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
October 4, 2018
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                            Plaintiff-Appellee

v.

JEFFERY D. PERRY,

                            Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CR-57-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

    Jeffery D. Perry appeals for the second time. In the first appeal, we affirmed his drug, firearm, and carjacking convictions and rejected his sentencing challenges. But the government also appealed, and we agreed with its argument that the district court failed to properly apply a mandatory minimum to one of his firearm convictions. So we remanded for correction of that error. *See United States v. Chapman*, 851 F.3d 363 (5th Cir. 2017).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this appeal, Perry contends for the first time that the district court committed plain error by imposing a special condition of supervised release requiring him to participate in a mental health treatment program despite a lack of evidence of his need for such treatment.

The Government has filed a motion for summary affirmance. It argues that Perry's appeal of the mental health special condition is foreclosed by the "mandate rule" because he did not raise the issue in his initial appeal. *See generally United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004); *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998). We agree. When a case is remanded to the district court for resentencing, "only those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court." *Id.* at 530. Although "exceptional circumstances" may overcome the mandate rule, *Lee*, 358 F.3d at 320, the situation here strongly favor its application. As Perry was sentenced to life plus 360 months, it is unlikely he will ever serve supervised release. And a challenge to the special condition would face the demanding plain error standard of review given Perry's failure to object to it in the district court.

The Government's motion for summary affirmance is GRANTED. IT IS FURTHER ORDERED that the Government's alternative motion for a fourteen-day extension of time to file a brief on the merits is DENIED as moot.